**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

_____

TRUSTEES OF THE UNITED ASSOCIATION )
NATIONAL PENSION FUND )
103 Oronoco Street )
Alexandria, VA  22314 )
)
      Plaintiff, )
)
        v. )  Civil Action No.1:26-cv-1007
)
1ST CHOICE HEATING & )
AIR CONDITIONING LLC )
a/k/a 1st CHOICE AIR COMFORT AC & )
FURNACE REPAIR )
2220 Landmark Place, Suite 5 )
Manasquan, NJ 08736 )
)
Serve: )
Gabriel Matthews, Registered Agent )
132 Easy Street )
Howell, NJ 07731 )
)
      Defendant. )
_____ )

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT;
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUND;
TO ENJOIN VIOLATIONS OF THE TERMS OF AN EMPLOYEE BENEFIT
PLAN)

## PARTIES

1.     Plaintiff, Trustees of the United Association National Pension Fund (hereinafter, "Pension Fund"), are the trustees and named fiduciary of a multiemployer employee benefit plan as those terms are defined in Sections 3(3), 3(37), and 402(a) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1002(3), 1002(37), and 1102(a).  The Pension Fund is established by and maintained pursuant to a Restated Agreement and Declaration of

Trust and to, among others, a Collective Bargaining Agreement between United Association Local Union No. 9 and, among others, the Defendant ("Local 9 CBA"). The Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

2.      Defendant 1st Choice Heating & Air Conditioning LLC, also known as 1st Choice Air Comfort AC & Furnace Repair (hereinafter "1st Choice Heating & Air Conditioning"), is a limited liability company existing under the laws of the State of New Jersey with a principal office located in Manasquan, New Jersey.  Defendant transacts or transacted business in the State of New Jersey as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3), and 152(2); Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11), and (12); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this entire action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a).  This is an action for breach of a Collective Bargaining Agreement between an employer and labor organization representing employees in an industry affecting commerce, an action to collect contributions due to employee benefit plans under the terms of a Collective Bargaining Agreement, and an action to enjoin the violation of the terms of an employee benefit plan's governing documents.

4.      This Court also has jurisdiction over this entire action under 28 U.S.C. § 1331 because the claims set forth herein arise under federal law.

5.      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Pension Fund is administered within the Court's district.

2

**COMMON FACTS**

6.      Defendant is, and at all relevant times was, signatory to the Local 9 CBA establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the Defendant.

7.      Pursuant to the Local 9 CBA, Defendant agreed to pay to the Pension Fund certain sums of money for each hour worked by employees of the Defendant covered by the Local 9 CBA.

8.      Defendant employed certain employees covered under the Local 9 CBA during the periods of August 2024 through July 2025 and September 2025 through February 2026 and continuing.

**COUNT I**
**CONTRIBUTIONS OWED TO THE PENSION FUND**

9.      Plaintiff hereby adopts, incorporates, and restates in Count I paragraphs 1 through 8 as if fully set forth herein.

10.      Defendant has failed to make contributions due to the Pension Fund for work performed at Defendant's request by its employees covered by the Local 9 CBA for the months of August 2024 through July 2025 and September 2025 through February 2026.

11.      Defendant has failed to remit contributions owed to the Pension Fund for the months of August 2024 through July 2025 in the amount of $4,915.81, as determined based on unfunded remittance reports submitted by Defendant to the Pension Fund.

12.      Defendant has also failed to submit any remittance reports or contributions for the months of September 2025 through February 2026 and, as such, the amount owed by Defendant for work performed during the months of September 2025 through February 2026 is unknown at this time.

13.     Pursuant to the Local 9 CBA, Defendant is obligated to send reports and pay contributions to the Pension Fund timely.

14.     Defendant is bound to the Pension Fund's Restated Agreement and Declaration of Trust ("NPF Trust Agreement") by virtue of language in the Local 9 CBA or other writing.

15.     Pursuant to Article VI, Section 5 of the NPF Trust Agreement, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay:

> . . . liquidated damages . . . in the amount of 10% of the amount due if payment is not received by the due date . . . [and] to pay interest at a rate of up to 18% per annum, on the amount due from the date of delinquency until the date of payment.

16.     Pursuant to this provision and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), Defendant is required to pay liquidated damages to the Pension Fund on unreported and/or unpaid contributions for the months of August 2024 through July 2025 and September 2025 through February 2026.

17.     Pursuant to the same provision and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), Defendant is required to pay interest on all delinquent contributions for the months of August 2024 through July 2025 and September 2025 through February 2026 accruing at the rate of 12% per annum from the date each contribution was due, but not paid, through the date of payment.

**WHEREFORE**, in Count I, Plaintiff Pension Fund prays for judgment as follows:

A.     For unpaid contributions in the amount of $4,915.81 for work performed in the months of August 2024 through July 2025; liquidated damages assessed at the rate of 10% of the contributions owed, but not paid timely, pursuant to the NPF Trust Agreement, or $491.58; interest pursuant to the NPF Trust Agreement assessed at a rate of 12% per annum accruing on the amount due from the date each such delinquent contribution was due but not paid through the date of

payment; costs; and reasonable attorneys' fees, all pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961;

B.   For unpaid contributions for work performed in the months of September 2025 through February 2026 in an amount presently unknown due to Defendant's failure to submit remittance reports and contributions for the month; liquidated damages assessed at the rate of 10% of the contributions owed, but not paid timely, pursuant to the NPF Trust Agreement; interest pursuant to the NPF Trust Agreement assessed at a rate of 12% per annum accruing on the amount due from the date each such delinquent contribution was due but not paid through the date of payment; costs; and reasonable attorneys' fees, all pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961;

C.   For contributions to the Pension Fund that become due after the filing of this lawsuit through the date of judgment, and, if any such contributions are paid late, interest, liquidated damages, costs, and attorneys' fees on same, all pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961; and

D.   For such further relief as the Court may deem appropriate.

## COUNT II
## <u>TO ENJOIN VIOLATIONS OF THE TERMS OF EMPLOYEE BENEFIT PLANS</u>

18.   Plaintiff hereby adopts, incorporates, and restates in Count II paragraphs 1 through 17 as if fully set forth herein.

19.   Defendant, pursuant to the NPF Trust Agreement, agreed to make timely contributions to the Pension Fund in the amount and on the date required by the Local 9 CBA in order to maintain the Pension Fund's plan of benefits and to maintain the existence of the Pension Fund.

20. Defendant has repeatedly failed to submit timely reports and/or contributions to the Pension Fund in violation of the requirements of the NPF Trust Agreement and the explicit language of Section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE**, in Count II Plaintiff Pension Fund prays for judgment as follows:

A. For a Court Order enjoining violations of the terms of Plaintiff's governing plan documents and of Section 515 of ERISA, 29 U.S.C. § 1145, and requiring Defendant to submit timely contributions and reports to the Plaintiff; and

B. For such further relief as the Court may deem appropriate.

Respectfully submitted,

Date: <u>April 13, 2026</u>                    By:    ____/s/_____

Jacob Szewczyk, Bar No. 89617
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
jszewczyk@odonoghuelaw.com

_____/s/_____

Alexa Zogopoulos, Bar No. 98472
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
azogopoulos@odonoghuelaw.com

____/s/_____

Grace M. Austin, Bar No. 99242
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
gaustin@odonoghuelaw.com

*Counsel for Plaintiff*

6